UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL BARRIENTOS,** | **1: 07 CV 00292 OWW  WMW HC** |
| Petitioner, | **MEMORANDUM OPINION AND ORDER RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **KEN CLARK, WARDEN,** | [Doc. 9] |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.   Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On August 23, 2003, Petitioner was charged with manufacturing alcohol in violation of California Code of Regulations title 15, section 3016(a).  On August 30, 2003, a disciplinary hearing was held at which Petitioner was found guilty of manufacturing alcohol.  The hearing officer assessed Petitioner with a credit loss of 120 days.  On September 16, 2003, Petitioner was provided with a copy of the hearing officer's written findings.

On April 13, 2006, Petitioner filed an administrative appeal.  The appeal was returned for

1  being untimely.  Instead of submitting an explanation and supporting documentation as to why the
2  appeal was not timely filed, Petitioner sought review at the Director's level.  That appeal was also
3  returned to Petitioner.
4        On July 13, 2006, Petitioner filed a petition for writ of habeas corpus in the Kings County
5  Superior Court.  On August 30, 2006, the court denied the petition on the ground that it was untimely
6  and no adequate justification for delay was provided.   On September 21, 2006, Petitioner filed an
7  appeal with the Court of Appeal, Fifth Appellate District.   The court denied the petition on October
8  5, 2006.
9        On October 23, 2006, Petitioner filed a petition for writ of habeas corpus with the California
10 Supreme Court.  The court denied the petition on November 15, 2006, with citation to In re Robbins,
11 18 Cal.4th 770, 780 (1998) and In re Dexter, 25 Cal.3d 921 (1979).
12       Petitioner filed the present petition in this court on February 13, 2007.

**LEGAL STANDARDS**

14   JURISDICTION
15       Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
16 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
17 the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.
18 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by
19 the United States Constitution.  In addition, the conviction challenged arises out of Corcoran State
20 Prison, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).
21 Accordingly, the court has jurisdiction over the action.
22       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
23 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
24 Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
25 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97
26 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
27 *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable
28 to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the grounds that it is untimely and that Petitioner has failed to exhaust state judicial remedies. Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Respondent contends that the petition was filed in this court more than three years from the date that Petitioner was aware of the factual predicate of his claims, and is therefore untimely. In making this contention, Respondent claims that although the statute of limitations period under the AEDPA generally begins to run from the day after the denial of an administrative appeal, Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004), such is not the case here. Rather, Respondent argues that the statute should run from the date on which Petitioner was given written notice on September 18, 2003, of the hearing officer's decision finding him guilty.

In Woodford v. Ngo, 126 S.Ct. 2378, 2385-2386 (2006), the Court discusses the application of the exhaustion requirement to habeas corpus petitions under the Prisoner Litigation Reform Act of 1995. The Court states:

> The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court. See 28 U.S.C. §§ 2254(b)(1), (c). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (alteration in original). A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one "complete round of the State's established appellate review process." Ibid. In practical terms, the law of habeas, like administrative law, requires proper exhaustion, and we have described this feature of habeas law as follows: "To ... 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies...." Id., at 848, 119 S.Ct. 1728 (citation omitted; emphasis in original).

Id. at 2387-88. The Court further found that the PLRA uses the term "exhausted" to mean what the term means in administrative law, where "exhaustion" means "proper exhaustion." The Court cites Pozo v. McCaughtry, 286 F.3d 1022, 1025(CA7) cert. denied, 537 U.S. 949, 123 S.Ct. 414, 154 L.Ed.2d 293 (2002), wherein the Seventh Circuit held that "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." The Seventh Circuit further explained that proper exhaustion of administrative remedy "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Pozo, 286 F.3d, at 1024 (emphasis in original).

Respondent claims that Petitioner "opted not to properly utilize the available administrative appeal process," instead allowing the statute of limitations to run. Respondent argues that where, as here there is no end to the administrative process, the court should use the date the petition received

notice of the hearing officer's decision as the date the statute of limitations began to run.

In reviewing the facts of this case, the court must agree with Respondent that Petitioner failed to properly exhaust the administrative remedies available to him. Petitioner clearly failed to meet the requirement under Pozo that an administrative appeal be filed at the place and time the prison's administrative rules require The court must therefore agree with Respondent that Petitioner has failed to exhaust his administrative remedies in regard to the claims raised in this petition.

The court cannot, however, agree with Respondent's further conclusion that because Petitioner failed to properly exhaust his administrative remedies, the statute of limitations began running on the date that he received notice of the hearing officer's decision. Respondent cites no authority for this proposition, but simply asserts that when there is "no conclusion" to an administrative appeal, the court should look to the date that the petitioner received notice of the appealable decision to determine the date that the statute of limitations began running. The court is unwilling to make such a blanket ruling. Moreover, it is unnecessary for the court to reach this issue. It is undisputed that Petitioner failed to exhaust his administrative remedies in regard to the claims raised in this petition. This substantiated by the California Supreme Court's denial of Petitioner's petition with a citation to In re Dexter, 25 Cal.3d 921 (1979). Dexter stands for the proposition that a prisoner, like other litigants, will not be afforded judicial relief unless he has exhausted available administrative remedies. As set forth above, exhaustion of administrative remedies is a requirement in 28 U.S.C. § 2254(c). Therefore, this court finds that this case should be dismissed under Rule 4 of the Rules Governing Section 2254 Cases, as a petition in which it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court ." Accordingly, this case will be dismissed.[1]

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

---

[1] In light of this court's conclusion that Petitioner has failed to exhaust his administrative remedies, this court finds it unnecessary to reach the issue of Petitioner's failure to exhaust his state judicial remedies.

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss [Doc. 9] is granted;

3) A certificate of appealability is DENIED;

4) This petition for writ of habeas corpus is DISMISSED for failure to exhaust state administrative remedies;

5) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 10, 2008**             /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE